```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
-------------------------------------------------------

UNITED STATES OF AMERICA, : Case No. 1:09-CR-419
:
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc No. 226]
LAMONT WEAKLEY, :
:
      Defendant. :
:

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Defendant Lamont Weakley was indicted on September 23, 2009 for use of a counterfeited and forged check in violation of 18 U.S.C. § 513(a).[1] On October 13, 2011, Defendant Weakley pled guilty to the indictment.[2] On October 19, 2011, this Court sentenced Defendant Weakley to 18 months, followed by a three year period of supervised release.[3]

    Defendant's present motion arises out of two separate violations of his supervised release period. Defendant claims that on this, his second set of violations, his period of incarceration is limited by the time he served on his first violation. Defendant moves for reconsideration of his second sentence. For the following reasons, the Court **DENIES** Defendant's motion for reconsideration.

    On May 8, 2014, the Court revoked Defendant's supervised release and sentenced defendant to a term of 12 months in prison, followed by a period of 12 months of supervised release.[4] The second period of supervision began on May 7, 2015.

---

[1] Doc. 1. The relevant conduct took place on January 28, 2008. In total, the indictment covered conduct between October 2007 and May 2008. *Id.*
[2] Doc. 166.
[3] Doc. 168.
[4] Doc. 214.

Case No. 1:09-CR-419
Gwin, J.

On November 30, 2015, United States Pretrial Services & Probation Office issued a new violation report detailing four violations: (1) Possession of a Firearm; (2) Violation of Court Order (based on Defendant opening new lines of credit); (3) Failure to Report to Code-a-Phone; and (4) Failure to Report Residence.[5]

At a hearing on March 4, 2016, the Court found that the violations had been proven by a preponderance of the evidence. The Defendant's criminal history was scored as a Category VI, resulting in an advisory Sentencing Guidelines range of 33-41 months.

However, the Court determined that the statutory maximum penalty for the violation was 24 months, pursuant to 18 U.S.C. § 3583(e)(3). The Court sentenced Weakley to 24 months, with no supervised release to follow.[6]

Defendant now moves for reconsideration of his sentence, arguing that the statutory maximum for his second violation was capped at 12 months. Defendant's theory is that the previous 12-month prison term given on May 8, 2014 had to be subtracted from the statutory cap of 24 months available under Section 3583(e)(3). This argument loses.

As noted in both the unpublished Sixth Circuit opinion on which Defendant relies,[7] and the First Circuit opinion on which the Sixth Circuit relied in that case,[8] Defendant's logic applied to sentences imposed *before* the 2003 amendment to Section 3583(e)(3).

---

[5] Doc. 216. The report included a fifth violation: a new law violation, based on Defendant's November 5, 2015 charge in the Cuyahoga County Common Pleas Court for Engaging in Pattern of Corrupt Activity & Forfeiture. However, the United States did not proceed on this violation. Doc. 231 at 2-3.
[6] Doc. 225.
[7] Doc. 226-1.
[8] *United States v. Tapia-Escalera*, 356 F.3d 181, 188 (1st Cir. 2004).

Case No. 1:09-CR-419
Gwin, J.

The 2003 PROTECT Act amended subsection (e)(3) to add the phrase "on any such revocation."[9] The statute now reads "a defendant whose term is revoked under this paragraph may not be required to serve *on any such revocation* more than . . . . 2 years in prison."[10]

It is correct that prior to this amendment, some Circuits held that the prison term for supervised release violations must be capped based on a cumulative calculation.[11]

But after the amendment, federal courts have concluded that the maximum prison term renews upon each subsequent revocation of supervised release.[12] Given the plain reading of the 2003 amendment, the Court agrees with this reading.

As a result, this Court properly sentenced Defendant at the 24-month statutory maximum available under Section 3583(e)(3). Defendant's motion for reconsideration is **DENIED.**

IT IS SO ORDERED.

Dated: May 2, 2016        *s/            James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE

---

[9] *Id.*
[10] 18 U.S.C. § 3583.
[11] *Tapia-Escalera*, 356 F.3d at 187 n.7 (gathering citations).
[12] *See, e.g.*, *United States v. Epstein*, 743 F.3d 238, 242 (7th Cir. 2014) ("Since the statute was amended in 2003, every court of appeals to consider this issue has determined that the amendment eliminates the credit for terms of imprisonment resulting from prior revocations.") (gathering citations) (internal quotation marks omitted); *United States v. Perry*, 620 F.3d 76, 80 (2d Cir. 2010) (same) (gathering citations).